**VALLEY FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,**

v.

**L. Alvis VANDYGRIFF, Savings and Loan Commissioner of Texas et al., Appellee.**

**No. 13270.**

Court of Civil Appeals of Texas, Austin.

Nov. 26, 1980.

Rehearing Denied Dec. 17, 1980.

Larry Temple, Austin, for appellant.

Mark White, Atty. Gen., Nancy O. Ricketts, Asst. Atty. Gen., Austin, for Sav. and Loan Commissioner of Texas.

Conrad P. Werkenthin, Gary Evatt, Clark, Thomas, Winters & Shapiro, Austin, for Tropical Sav. & Loan Assn.

PHILLIPS, Chief Justice.

This is a suit for judicial review of an order of the Savings and Loan Commissioner of Texas approving the application of Tropical Savings and Loan Association for a branch office to be located in Pharr, Texas. Tropical Savings and Loan has its domicile in Harlingen, Texas. Appellant and protestant, Valley Federal Savings and Loan Association, also has a branch office in Pharr.

The trial court upheld this order and we affirm its judgment.

## I.

Appellant is before us on three points of error. Point of error one complains of the trial court for upholding the Commissioner's order which found that a public need exists for the proposed branch office, in finding that the order is supported by substantial evidence and in failing to hold that the contested order does not contain the required recitation of the underlying facts necessary to support the ultimate findings.

Appellant's point of error two complains of the trial court's upholding the Commissioner's order which found that the volume of business in the community where the proposed branch is to be located is sufficient to indicate a profitable operation to Tropical Savings and Loan Association within a reasonable period of time and that such finding is supported by substantial evidence. Appellant further asserts that the trial court should have held that the Commissioner's order does not contain the required recitation of the underlying facts concerning the points in issue to support the ultimate findings.

These two points are briefed together.

The evidence presented before the Commissioner was well developed. The transcript of the hearing contains some 330 pages setting out the testimony of eleven witnesses and fifteen exhibits.

The Commissioner made ultimate findings, among others, that the proposed operation of the branch office will not unduly harm appellant's branch office operating in the vicinity of the proposed location; that there is a public need for the proposed branch office and the volume of business in the community in which the proposed branch office would conduct its business is such as to indicate a profitable operation to the applying association within a reasonable period of time.

The Commissioner then made findings of underlying facts in support of his ultimate findings of fact. In general, the record reflects that the community to be served by the proposed branch includes the entire city limits of Pharr which has some twenty–two thousand inhabitants. Tropical Savings, at the date of the filing of the application, had $281,000 in loans and $190,000 in savings accounts. As of June, 1979, it had $204,000 in total savings, an increase of $14,000 net during a period of slightly over five months. The total figure of first mortgage loans was $244,000 as of June, 1979; the installment loans on that date had increased to $99,000 from $58,000 in December, 1978. All of this business was done in Pharr.

The Commissioner concluded from this evidence that Tropical Savings has already penetrated the Pharr savings and loan market; that the association offers mortgage loans, home improvement loans, commercial or business loans, a few farm and FHA and VA loans; that since every association does not have the exact same lending pattern, the branch in Pharr will give the people in the community a choice in savings and loan facilities. In addition, the Commissioner found that regulations preclude the Valley Federal Savings and Loan branch from making consumer installment loans on such items as boats, automobiles and the like, which loans can be made by Tropical Savings branch. These latter findings in themselves would imply a need for a competitive alternative in the service area.[1]

The Commissioner further found that rapid growth in the enrollment of the school districts; the population and population growth are sufficient to justify the approval of an additional branch office; significant upturn in general trend and level of business within Pharr, including the increase in sales tax allocations to the city; significant building permit data; that the loans of Security State Bank, the only bank in Pharr, more than doubled from 1970 to 1978; the rising level of reported savings by Valley Federal together with the savings located within the existing lone commercial bank.

---

1. In this regard, see this Court's opinions in *Chimney Rock National Bank v. State Banking Board*, 376 S.W.2d 595 (Tex.Civ.App.1964, no writ); *State Banking Board v. Airline National Bank*, 398 S.W.2d 805 (Tex.Civ.App.1966, writ ref'd n. r. e.).

■ There were other findings in support of the ultimate findings that we need not set out further. There is a symbiotic relationship between the requirement for underlying facts and the substantial evidence rule, each entwined with the other, either in support or attenuation. In our judgment, we have a "concise and explicit statement of the underlying facts supporting the findings."[2] This is all that the statutes require. We also have substantial evidence to uphold these facts. As we have stated throughout the years, this Court may well have reached a conclusion opposite to that of the Commissioner,[3] but if reasonable minds could have reached his conclusion, the conclusion is supported by substantial evidence.[4]

■ We also uphold the Commissioner's finding of "public necessity" for the new branch in question. The courts do not require an inadequacy of service in the area to be served in order to find public necessity.[5] They consistently uphold the Commissioner's findings with respect to public necessity where these findings suggest that the bank or savings and loan unit sought will create a competitive alternative.[6]

■ Moreover, inasmuch as we have two branch offices competing against one another in the service area, the requirements for the branch in question are not as onerous. In such a situation it has been held that proof need not be as comprehensive as proof of public need for a new association.[7] In addition, the standard of profitable operation is less exacting than that prescribed by statute for new associations.

## II.

Appellant's attack on underlying facts in support of the ultimate findings and on the lack of substantial evidence in support of the order requires further elaboration here. Appellant points to specific evidence in the record that was either ignored by the Commissioner in his underlying findings of fact or insufficiently explained away. It points to evidence such as the fact that Tropical can make consumer installment loans on such items as boats and automobiles and that Valley Federal cannot make such loans. Appellant maintains that the order ignores the testimony by Tropical's expert witness that the application is not predicated or based on those kinds of loans and it also ignores the fact that those kinds of loans are made by banks and can be made by Valley Federal through a subsidiary.

Appellant then contends that the order contains a reference to the city sales tax allocation for 1977 and 1978 for Pharr with the statement that there was a 21 percent increase between these dates. This is used to show the "upturn in the general level and trend of business" in Pharr. What the order does not state is that the sales tax allocations are not directly comparable to one another and for different periods of time in each of the years.

Appellant maintains that the order refers to increases in certain kinds of deposits in the Security State Bank of Pharr, totally ignoring the fact that total deposits in that bank sustained a decline of almost $200,000 during 1978—the most recent year for which information is available. The order also ignores the fact that the Metropolitan National Bank, the nearest bank located at the edge of Pharr, also sustained a loss during 1978.

Appellant points to other facts which it contends the Commissioner either ignored

---

2. Texas Savings and Loan Act, Tex.Rev.Civ. Stat.Ann. art. 852a, § 11.11(4) (1963); Administrative Procedure and Texas Register Act, Tex. Rev.Civ.Stat.Ann. art. 6252–13a, § 16(b) (1976).

3. *Imperial American Resources Fund, Inc. v. Railroad Commission of Texas*, 557 S.W.2d 280 (Tex.1977).

4. *Railroad Commission v. Shell Oil Co.*, 139 Tex. 66, 161 S.W.2d 1022 (1942).

5. *Chimney Rock National Bank v. State Banking Board, supra*.

6. *State Banking Board v. Airline National Bank, supra; Citizens of Texas Savings and Loan Association v. Lewis*, 483 S.W.2d 359 (Tex.Civ.App.1972, writ ref'd n. r. e.).

7. *Strain v. Lewis*, 461 S.W.2d 498 (Tex.Civ. App.1971, writ ref'd n. r. e.).

or gave insufficient weight in his findings. We need not set them all out because we find that, under the record before us, they are immaterial.

■ As early as 1942, the Court in *Railroad Commission v. Shell Oil Company, supra*, held that substantial evidence was to be viewed from the record as a whole. As late as July of this year in *State Banking Board v. Valley National Bank*, 604 S.W.2d 415 (Tex.Civ.App.1980, writ filed); this Court stated that the Banking Board was not required to recite the facts underlying its *rejection* of appellee's arguments. All that the statute requires is that ultimate findings be accompanied by a "concise and explicit statement of the underlying facts *supporting* the findings."

■ This Court further held that the Banking Board is not required to comment on every aspect of the record that may be relevant to its ultimate findings. Texas Rev.Civ.Stat.Ann. art. 6252–13a, § 16(b) (1976) requires the Board to state only those findings that *support* its ultimate statutory findings.

Appellant's third point of error is the court's failure to hold that the order in question is arbitrary and capricious or characterized by abuse of discretion in that it fails to discuss or refer to all of the pertinent and relevant facts and issues of the case, and indicates that the decision was made without a consideration of the entirety of the record before the Commissioner. We also overrule this point and refer to our foregoing discussion.

The judgment of the trial court is in all things affirmed.

Affirmed.

SMITH, J., not participating.